UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

APR 2 9 2005

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JOSE GEORGE CANTU, #10328713 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-03-1047 |
| | § | |
| DOUG DRETKE, ET AL. | § | |

### REPORT AND RECOMMENDATION

Plaintiff Jose George Cantu, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging failure to protect by Defendants Teague, Garza, Gilstrap and Howard. Having reviewed Plaintiff's complaint and answers to the Court's interrogatories, Defendants' Motion for Summary Judgment and Plaintiff's Objection/Response, this Court makes the following recommendation to the District Judge.

Plaintiff claims that Defendants failed to protect him from another inmate, violating his right to be safe from cruel and unusual punishment under the Eighth Amendment. Specifically, Plaintiff alleges he was sexually attacked by his cellmate, Cole, on July 28, 2003. Before the attack, Plaintiff asserts that he sent an I-60 to Capt. Gilstrap on July 25, 2003, stating that he wished to be moved because his cellmate had made sexual advances towards him; he again verbally informed Lt. Teague of his fear of sexual aggression by Cole and again requested to be moved on July 26 & 27, 2003. On July 27, 2003, Teague told Plaintiff to pack his things because he was going to be moved. Before Plaintiff could be moved, however, he was sexually assaulted by Cole at approximately 2:00

a.m. on July 28, 2003. Plaintiff's injuries consisted of bloody, irritated hemorrhoids.

Plaintiff filed a Step One and Step Two grievance, where he was advised that his case had been investigated and that he would receive a unit transfer. Plaintiff contends that officials knew there was a substantial risk of harm from his cellmate, Cole, and ignored such risk.

The Eighth Amendment affords prisoners protection against injury at the hands of other inmates; however, liability for an Eighth Amendment deprivation requires the same delinquency in denial of protection against harm from other inmates as it does for denial of medical care. *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986). To prevail on a Section 1983 failure to protect claim, an inmate must show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).

Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825 (1994). In this regard, the Supreme Court has cautioned that: "[A] prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id* at 837-38. Thus, there must be an allegation of facts which will support subjective deliberate indifference to Plaintiff's safety, which is an extremely high standard to meet. *Domino v. Texas*

2

*Dep't. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). The legal conclusion of deliberate indifference must rest on facts clearly evincing "obduracy and wantonness, not inadvertence or error in good faith." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

The facts in this case clearly show that Defendants were aware of Plaintiff's fear of being sexually assault by his cellmate and were taking the necessary steps to re-locate Plaintiff. Plaintiff was ordered to pack his belongings on July 27, 2003 so that he could be moved to another location upon pending authorization. Unfortunately, however, Plaintiff was assaulted before the move could be effected. As horrific as the assault suffered by Plaintiff is, Defendants were aware of his complaints about his cellmate and clearly did not ignore them. At the time of the assault, steps were being taken to move the Plaintiff to another location. Prison officials who act reasonably cannot be found liable under the cruel and unusual punishment clause if they responded reasonably to the risk, even if the harm ultimately was not averted. *Farmer*, 511 U.S. at 830. In this case, facts show that Defendants were aware of the risk to Plaintiff and were in the process of responding to such risk when the harm to Plaintiff occurred. Though the attack suffered by Plaintiff is hugely unfortunate and regrettable, the facts of this case simply do not support a cognizable Eighth Amendment claim of failure to protect.

For the foregoing reasons, this Court must **RECOMMEND** that Defendants' Motion for Summary Judgment be GRANTED and the instant cause be DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

3

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same. The Plaintiff shall have until **May 18, 2005**, in which to have written objections <u>physically on file</u> in the Office of the Clerk. <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300</u>. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the 28th day of April, 2005.

JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE